# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AUNHK RA AUNHKHOTEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01552-RHH |
| ) | |
| POLICE OFFICER UNKNOWN ) | |
| EBBERHART, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Aunhk Ra Aunhkhotep (also known as Jimmy Walker and Khalifa Ahdnahd)[1] brings this civil action for alleged violations of his civil rights under 42 U.S.C. § 1983. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee.[2] *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will issue process on Plaintiff's Complaint as to Defendant St. Louis City Police Officer Unknown Ebberhart.

---

[1] *See Aunhkhotep v. Jordan*, No. 4:24-cv-01278-JSD, ECF No. 4 at 1 n.1 (E.D. Mo. filed Nov. 14, 2024); *Mo. Fam. Support Div. v. Walker*, No. 1222-FC02200 (Mo. 22nd Jud. Cir., 2012) (defendant listed as "Jimmy Walker, aka Aunhk Ra Aunhkhotep, aka Khalifa Ahdnahd").

[2] Plaintiff also filed a 'Motion Requesting Court to Take Judicial Notice,' asking the Court to recognize that he was granted *in forma pauperis* status in another case filed in this Court and stating that his financial status has not changed. ECF No. 2. However, Plaintiff filed a motion to proceed *in forma pauperis* in this case, with supporting financial information, so there is no need to review the records of another case on this point. Plaintiff's motion will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff's Civil Complaint names one defendant—City of St. Louis Police Officer Unknown Ebberhart, in his individual capacity. ECF No. 1 at 1-2. Plaintiff seeks relief under 42 U.S.C. § 1983 and the Fourth Amendment, stating the facts in his own words as follows:

> On April 5, 2024, Plaintiff attempted to access the lobby area to the Assessor's Office at City Hall to record and request agency records under Missouri Sunshine Law. Defendant Ebberhart threatened Plaintiff with trespass and arrest had Plaintiff entered the lobby area. Defendant stood in Plaintiff's path, stopped Plaintiff from proceeding forth into the lobby area. Plaintiff could not exercise right to record inside lobby area or submit written request for Missouri public records. Plaintiff left the building with threat of removal from building and threat of arrest.

*Id.* at 3 & 5.

Plaintiff lists two claims: (1) "Defendant refused to permit Plaintiff access inside the lobby area of Assessor's Office;" and (2) "Defendant denied Plaintiff to enter lobby area to submit records request." *Id.* at 5. For relief, Plaintiff seeks $150,000 in punitive damages and $150,000 in emotional damages. *Id.* at 6.

On the Civil Cover Sheet and Original Filing Form filed with the Complaint in this matter, Plaintiff cites to case number "4:24-cv-00703-NCC" as a "related" case. ECF Nos. 1-1 & 1-2. Based on a review of Court records, Plaintiff's allegations against Ebberhart in this earlier-filed action were severed and dismissed for improper joinder. *Aunhkkhotep v. Doe*, No. 4:24-cv-00703-NCC, ECF Nos. 10 & 11 (E.D. Mo. partial dismissal Oct. 29, 2024). In his complaint filed in that matter, he alleged in part:

> Defendant EBBERHART conspicuously, intentionally and knowingly deprived Plaintiff of right to engage in public photography and videography in a public building inside the lobby area of St. Louis City Assessor's Office. Defendant further detained Plaintiff in violation of Plaintiff's fourth amendment rights and deprived Plaintiff of state right to submit in-person written request for agency records while visiting the Assessor's Office.

*Id.* at ECF No. 1 at 2-3.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff alleges that on April 5, 2024, Defendant St. Louis City Police Officer Ebberhart denied Plaintiff access to the St. Louis City Hall Assessor's Office to video record in the lobby, threatened him with arrest and prosecution, and prevented him from filing a Missouri Sunshine Law records request.  Liberally construing Plaintiff's allegations—as the Court must at this stage of the proceeding—the Court will issue process on the Complaint as to Plaintiff's §1983 claims brought under the First and Fourth Amendments.[3]

**I.     First Amendment Right to Record Government Officials**

Plaintiff alleges Defendant Ebberhart violated his right to video record in the lobby of the City of St. Louis Assessor's Office.  Several federal circuit courts have found the filming of government officials engaged in their duties in a public place to be within First Amendment protections.  *See Sandberg v. Englewood, Co.*, 727 F. App'x 950, 963 (10th Cir. 2018) ("It is true that the First, Third, Fifth, Seventh, Ninth, and Eleventh Circuits have all held that 'the First Amendment protects the act of photographing, filming, or otherwise recording police officers

---

[3] It is unclear whether Plaintiff is also attempting to bring a claim under Missouri state law.  Plaintiff mentions supplemental jurisdiction under 28 U.S.C. § 1367, and "Missouri Open Records Law" (with no legal citation) in his pleadings.  ECF Nos. 1 at 3 & 1-1 at 1.  However, as Defendant Ebberhart is not alleged to be the custodian of any public records, Plaintiff cannot state a claim for a violation of the Missouri Sunshine Law against Ebberhart.  *See Pennington v. Dobbs*, 235 S.W.3d 77, 79 (Mo. Ct. App. 2007) (To establish a violation of the Missouri Sunshine Law, a plaintiff must allege: (1) his request for access to a public record; (2) that the custodian of records received the request; and (3) that the custodian did not respond within three business days thereafter.); *see also* Mo. Rev. Stat. § 610.023.  Since Plaintiff does not state what type, if any, of Missouri state law claim he is pursuing, this will not be discussed further.

conducting their official duties in public.'" (citing cases)); *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) (recognizing videotaping government officials engaged in their duties in a public place is an exercise of First Amendment liberties) (citing cases). These protections are subject to reasonable time, place, and manner restrictions. *Glik*, 655 F.3d at 84. Although there does not appear to be an Eighth Circuit case directly on point, there is some indication that the Eighth Circuit would rule similarly to the other circuits on this point. *See Johnson v. McCarver*, 942 F.3d 405, 414 (8th Cir. 2019) (Kelly, J., concurring in part) ("While this Court has not decided this precise question, I would join every circuit that has done so and hold that the First Amendment protects the right to record police officers in public.").

At this early stage in the case, the Court finds that Plaintiff has stated enough to survive initial review, under § 1915, on his claim that Defendant Police Officer Ebberhart violated his First Amendment right when Ebberhart prevented him from videorecording in the Assessor's Office. Process shall issue on this claim.

## II.  Fourth Amendment Protection from Unreasonable Seizure

Plaintiff also alleges that Defendant Ebberhart denied him access to the Assessor's Office to file a Missouri Sunshine records request, and he cites the Fourth Amendment. Although Plaintiff does not allege that Defendant Ebberhart touched him, he does allege that Ebberhart physically stood in his way and threatened him with arrest and prosecution.

The Fourth Amendment protects people from unreasonable searches and seizures. U.S. CONST. amend. IV. The test for an unreasonable seizure is relatively straightforward: (1) whether a seizure occurred; and (2) whether the seizure was objectively unreasonable under the circumstances. *See Hawkins v. City of Farmington*, 189 F.3d 695, 702 (8th Cir. 1999). According to the Supreme Court in *California v. Hodari D.*, a seizure occurs only when a pursued citizen is

physically touched by the police or when he submits to a show of authority by the police. 499 U.S. 621, 626 (1991). The Eighth Circuit further explained that to be a seizure under the Fourth Amendment, the police's "show of authority" must succeed in stopping the pursued citizen. *Cole v. Bone*, 993 F.2d 1328, 1332-33 (8th Cir. 1993); *see also Schulz v. Long*, 44 F.3d 643, 647 (8th Cir. 1995) ("[O]ne becomes seized when the officer's show of authority has the effect of stopping his movement.").

In this case, Plaintiff alleges that Ebberhart's "show of authority"—in the form of physically preventing his entry and threatening him with arrest—stopped his movement. Because of this seizure, Plaintiff was unable to file a records request with the state agency or videotape in the lobby. Nothing alleged indicates that this seizure was reasonable; Plaintiff simply states that he was visiting the Assessor's Office to file paperwork. Liberally construing these allegations, the Court finds that Plaintiff has stated a plausible claim that Defendant Police Officer Ebberhart violated Plaintiff's Fourth Amendment right when he prevented Plaintiff's entry into the Assessor's Office. The Court will direct the Clerk of Court to issue service on Plaintiff's Fourth Amendment claim under 42 U.S.C. § 1983 against Defendant Ebberhart.

## Conclusion

Therefore, Plaintiff's motion to proceed *in forma pauperis* will be granted and the Court will direct the Clerk of Court to issue process on Plaintiff's Complaint against City of St. Louis Police Officer Defendant Unknown Ebberhart, in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed without prepaying fees or costs [ECF No. 4] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

-7-

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting the Court to take judicial notice [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office, as to City of St. Louis Police Officer Defendant Unknown Ebberhart, in his individual capacity.

Dated this 5th day of March, 2025.

                                                     RODNEY H. HOLMES
                                                     UNITED STATES MAGISTRATE JUDGE