RECEIVED
MAY 12 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUNHK RA AUNHKHOTEP, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:24-CV-01552-RHH |
| POLICE OFFICER UNKNOWN EBBERHART, | ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS FEDERAL COMPLAINT

NOW COMES, Plaintiff, Aunhk Ra Aunhkhotep, hereby opposes defendant's motion to dismiss Plaintiff's federal complaint. In support, Plaintiff states the following.

1. Plaintiff states claims against defendant upon which relief may be granted.

2. Taking Plaintiff's allegations against defendants as true, and construing those allegations under clearly established federal law, and in light most favorable to Plaintiff, Plaintiff sufficiently alleges facts entitling Plaintiff to relief.

3. Plaintiff submits hereto memorandum of law in support of Plaintiff's motion opposing defendant's motion to dismiss Plaintiff's federal complaint.

WHEREFORE, Plaintiff prays for a Court order denying defendant's motion to dismiss on all grounds. Plaintiff further request the Court to issue any other order it deems just and proper to assure justice prevails.

Dated this 12th day of May, 2025.

Respectfully Submitted,

/s/ *Aunhk Ra Aunhkhotep*
Aunhk Ra Aunhkhotep, ***Plaintiff***
5411 Robin Avenue
St. Louis, MO 63120
Tel-314-285-6193
Email; aunhkhotepaunhk2gmail.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was hand-delivered on this 12th day of May, 2025, to the following recipient.

Attorney Jay Hollman
Assistant City Counselor
1200 Market Street, Room 314
City Hall
St. Louis, MO 63103

2

RECEIVED
MAY 12 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DUSTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AUNHK RA AUNHKHOTEP, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:24-CV-01552-RHH |
| POLICE OFFICER UNKNOWN EBBERHART, | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION OPPOSING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FEDERAL COMPLAINT

NOW COMES, Plaintiff, Aunhk Ra Aunhkhotep, and in support of Plaintiff's motion opposing defendant's motion to dismiss Plaintiff's federal complaint, states the following.

### INTRODUCTION

Plaintiff's Federal Complaint, asserts claims defendant violated Plaintiff's First and Fourth Amendment Rights.[See Federal Complaint]. As such, Plaintiff asserts the following arguments opposing Defendant's motion to dismiss Plaintiff's Federal Complaint.

I. PLAINTIFF'S RESPONSE TO DEFENDANT'S ARGUMENT, NO. 1

**A. PLAINTIFF'S COMPLAINT STATES CLAIMS AGAINST DEFENDANT EBBERHART AS DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FIRST AMENDMENT CLAIM (COUNT I).**

Defendant argues, amongst other things asserted in his Count I argument, that he is entitled to qualified immunity because Plaintiff failed to state a claim that Plaintiff's First Amendment Rights were violated when Plaintiff attempted to record inside the lobby area at

1

St. Louis City Assessor's Office.

Federal law is clear on the right to record government agents in the performance of their duties. See ***Glik v. Cunniffe***, 655 F. 3d 78 (1st Cir. 2010). Moreover, recording a government agent in public also consists of recording the agent in a public lobby. See ***Askins v. Department of Homeland Security***, 899 F. 3d 1035, 1044 (9th Circuit 2018).

In the present matter, Plaintiff attempted to submit in-person request for agency records under Missouri Sunshine Law and to exercise First Amendment Rights by attempting to record in the lobby area of St. Louis City Assessor's Office. At the time Plaintiff attempted to submit request for agency records and execute right to record, the lobby was "open for business-to engage the public for service." In fact, the front door to the lobby area was unlocked, individuals were standing inside the lobby area receiving service from staff at the same time Plaintiff attempted to access the lobby. No signs or notices were posted in the lobby, supported by either state or federal statute, prohibiting recording inside the lobby area. Furthermore, while the 8th Circuit has not explicitly declared a First Amendment Right to record public agents in public, it has ***acknowledged*** the right to observe police activity and, some cases suggest the Court has *implicitly* supported the right to record, aligning with rulings in other circuits. This alignment may be interpreted to acknowledge legal precedent *clearly establishing* a right to record public officials while in public and public spaces. See ***Chestnut v. Wallace***, 947 F.3d, 1085, 1090 (8th Circuit 2020).

With respect to recording inside the lobby of the Assessor's Office, defendant further contends that private information and documents exist within the Assessor's Office that could be recorded from someone with a cellphone, compromises the privacy rights of

2

citizens' records and documents. Defendant's position is unsubstantiated by fact and law.

In the present matter, the lobby to the Assessor's Office is publicly accessible for business to assist the public in seeking service from that department. Moreover, defendant's assertion that Plaintiff could *'somehow'* become in possession of private records maintained within the Assessor's Office is unpersuasive, asserted to support its illogical position and, is legally frivolous.

Federal law clearly establishes that the duty to ensure the privacy of records lies with the agency itself, not necessarily with the Plaintiff. This means that the agency is responsible for protecting the privacy of its records, not simply requiring the Plaintiff to ensure they are not disclosed. See ***Federal Privacy Act*** of 1974. Furthermore, with respect to Plaintiff being seized in violation of the Fourth Amendment, the Court was correct in its initial assessment of Plaintiff's Fourth Amendment claim. Plaintiff asks the Court to take judicial notice that defendant's action was akin to "standing and blocking the exit-way to City Hall and preventing Plaintiff from departing the building to access the outside area of the building-a public space/place." See ***Schulz v. Long***, 44 F. 3d 643, 647 (8th Circuit 1995). Based on the facts, applicable case law and the premises asserted above defendant failed in his argument requesting Plaintiff's First and Fourth Amendment claims be dismissed.

WHEREFORE, the Court should deny defendant's motion to dismiss Plaintiff's First and Fourth Amendment claims , deny defendant's request for qualified immunity and deny any other relief defendant requests in his memorandum in support of Arguments, I & II.

3

Dated this  12th  day of May, 2025.

Respectfully Submitted,

/s/ *Aunhk Ra Aunhkhotep*
Aunhk Ra Aunhkhotep, *Plaintiff*
5411 Robin Avenue
St. Louis, MO 63120
Tel-314-285-6193
Email; aunhkhotepaunhk2gmail.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was hand-delivered on this 12th day of May, 2025, to the following recipient.

Attorney Jay Hollman
Assistant City Counselor
1200 Market Street, Room 314
City Hall
St. Louis, MO 63103

4